IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES ALPINE, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:18-cv-311-B (BT) | |
| § | | |
| WARDEN KENDALL RICHERSON § | | |
| and ASSISTANT WARDEN § | | |
| MOHAMED SARHANI, § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Plaintiff is a state prisoner. He filed this action under 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis* under the provision of 28 U.S.C. § 1915. The Court finds Plaintiff's motion to proceed *in forma pauperis* should be denied.

Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

1

the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has filed numerous previous actions in federal court. At least three of these cases were filed while Plaintiff was incarcerated and were dismissed as frivolous. *See Alpine v. Reno*, No. 1:96-47 (D.D.C.) (dismissed as frivolous January 17, 1996); *Alpine v. Reno*, No. 1:95-966 (D.D.C.) (dismissed as frivolous May 24, 1995); *Alpine v. Reno*, No.1:94-2155 (D.D.C.) (dismissed as frivolous October 6, 1994); *Alpine v. Reno*, No. 1:94-2467 (D.D.C.) (dismissed as frivolous November 16, 1994); *Alpine v. Casteel*, No. 4:93-2007 (S.D. Tex.) (dismissed as frivolous August 18, 1993); *Alpine v. Legg*, No. 4:93-1845 (S.D. Tex.) (dismissed as frivolous August 11, 1993). Plaintiff's complaint does not show that he is imminent danger of serious physical injury. Therefore, the Court recommends that Plaintiff's motion to proceed *in forma pauperis* be DENIED.

II.

For the foregoing reasons, the Court recommends that the District Court deny Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g). The Court further recommends that the District Court dismiss this action under § 1915(g), unless Plaintiff tenders the $400.00 filing fee to the District Clerk within fourteen days of the filing of this recommendation.

Signed February 20, 2018.

                        REBECCA RUTHERFORD
                        UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).